## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.

1. 1165 Norton Street, St. Paul, MN, and
2. 2416 Teakwood Drive East, Maplewood, MN,

        Defendants.

Case No. 25-cv-_____

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The plaintiff, United States of America, through its attorneys Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Craig R. Baune and Trevor C. Brown, Assistant United States Attorneys, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn the Defendants *in rem* to the use and benefit of the United States of America pursuant to 21 U.S.C. § 881(a)(7) for violations of 21 U.S.C. § 841 *et seq.*

### THE DEFENDANTS *IN REM*

2. The Defendants *in rem* are the following properties:

   a. The real property, with all buildings, appurtenances, improvements and

attachments, located at 1165 Norton Street, St. Paul, Minnesota, legally described as Lot 5, Block 4, Soderberg's 2nd Addition, Ramsey County, Minnesota, with PID 252923210142 ("Norton Property");

b. The real property, with all buildings, appurtenances, improvements and attachments, located at 2416 Teakwood Drive East, Maplewood, Minnesota, legally described as Lot 1, Block 4, Huntington Hills, Ramsey County, Minnesota with PID 122822310049 ("Teakwood Property").

3. The Defendants *in rem* have not been seized but are within the jurisdiction of this Court. The United States does not request authority from the Court to seize the Defendants *in rem* at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

a. Post notice of this action and a copy of the Complaint on the Defendants *in rem*;

b. Serve notice of this action on the owners of the Defendants *in rem* and send notice to any other person or entity who may claim an interest in the Defendants *in rem*, along with a copy of this Complaint; and

c. File notices of *lis pendens* in the county property records.

## JURISDICTION AND VENUE

4. The United States brings this action *in rem* in its own right to forfeit and condemn the Defendants *in rem*. This Court has jurisdiction over an action

commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. No warrant of arrest *in rem* is required for the Defendants *in rem* pursuant to Supplemental Rule G(3)(a) and 18 U.S.C. § 985(c)(3).

6. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1395 because the Defendants *in rem* are located in this District.

## FACTS

7. Since at least 2024, law enforcement has been engaged in an investigation of narcotics trafficking activity conducted by Fredericko Mobley, Deeanna Tatum and others in the Twin Cities metropolitan area.

8. Mobley and Tatum have been receiving and selling, or arranging the sale of, large quantities of narcotics, including sales of multiple-kilogram amounts of cocaine.

9. Mobley, Tatum and co-conspirators have used the Defendants *in rem* to facilitate the acquisition, storage, and distribution of large amounts of narcotics.

10. The Norton Property is a duplex that is owned by Mobley through an LLC called Pequeno Investments LLC. Although Mobley does not live there, he has been seen at that location on multiple occasions. A photo of the Norton Property from Google Street View is below:

3



11.     Since May 2024, physical and electronic surveillance at this address has revealed daily short-term traffic consistent with narcotics trafficking. There have been four controlled purchases of cocaine either directly inside or just outside of this residence. The controlled purchases included both user amounts and distribution-level amounts of narcotics.

12.     In addition, on several occasions people leaving the Norton Property were found to be in possession of narcotics in varying amounts, including distribution-level amounts.

13. Mobley and his Drug Trafficking Organization (DTO) were the source of narcotics sold at the Norton Property. Mobley has visited the Norton Property during daytime and evening hours, including during hand-to-hand drug sales.

14. The investigation has shown that Mobley and his DTO make hundreds of thousands of dollars per month from narcotics distribution.

15. Tatum, Mobley's long-time girlfriend, is a high-level participant in Mobley's DTO. For example, both Tatum and Mobley are registered agents for Pequeno Investments LLC, which is the owner of the Norton Property.

16. Tatum owns the Teakwood Property. She and Mobley have been using the Teakwood Property to facilitate the distribution of narcotics by, among other things storing large amounts of narcotics on the property. They also use the Teakwood Property to store currency that was proceeds of the distribution of narcotics and which was used or intended to be used to purchase narcotics.

17. More specifically, the Teakwood Property was used to receive and store large, wholesale-type amounts of cocaine for ultimate distribution elsewhere, including at the Norton Property.

18. The Teakwood Property was searched pursuant to a warrant on June 26, 2025. Law enforcement located and seized 24 kilograms of cocaine along with processing equipment and to more than $300,000 in US Currency that is proceeds of narcotics trafficking. Photos of the seized cocaine and currency are below:



## BASIS FOR FORFEITURE

### COUNT 1
### 21 U.S.C. § 881(a)(7)

19.     Pursuant to 21 U.S.C. § 881(a)(7), the United States is authorized to forfeit "[a]ll real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment."

20.     Mobley, Tatum and other co-conspirators have been actively engaged in the distribution of large amounts of narcotics, including cocaine. As set forth above,

6

they and their co-conspirators have used the Defendants *in rem* to facilitate that widespread narcotics distribution activity, including storing controlled substances at those properties, transporting controlled substances between those properties, and distributing controlled substances from those properties.

21. As a result, the Defendants *in rem* are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) because they were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. § 841 et seq.

## CLAIM FOR RELIEF

22. The United States requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interest in the Defendants *in rem*; that the Defendants *in rem* be forfeited and condemned to the United States of America; that the United States be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

Dated: 7/18/2025

JOSEPH H. THOMPSON
Acting United States Attorney

 *s/Craig Baune*
BY:  CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
Craig.baune@usdoj.gov

BY: TREVOR C. BROWN
Assistant U.S. Attorney
Attorney ID No. 0396820
Trevor.Brown@usdoj.gov

600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

## VERIFICATION

I, Sara Moya, verify and declare under penalty of perjury as follows:

I am and have been a Special Agent for the Federal Bureau of Investigation since 2023. I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information provided to me by other law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as my investigation of this case, together with others, as an FBI Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 7/18/2025

<u>s/Sara A. Moya</u>
Sara Moya, Special Agent
Federal Bureau of Investigation